# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| SHELLY FOLLOWELL ) | |
| ) | Case No.: 2025-CV-3122 |
| Plaintiff, ) | |
| ) | DeWitt County Case No.: 2025-LA-3 |
| v. ) | |
| ) | |
| CLINTON COMMUNITY UNIT ) | |
| SCHOOL DISTRICT NO. 15; ) | |
| JESSICA PATRICK (*individual capacity*); ) | |
| & CURT NETTLES (*individual capacity*), ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL OF PLAINTIFF'S COMPLAINT

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS:**

Defendants, CLINTON COMMUNITY SCHOOL DISTRICT NO. 15, JESSICA PATRICK, and CURT NETTLES ("Defendants"), by their attorneys, Julie A. Bruch and Hasti Anderson of IFMK Law, Ltd., and pursuant to 28 U.S.C. §1331, §1441 and §1446, for their Notice of Removal, state as follows:

1. Defendants were provided with a copy of the complaint pending waiver of service on May 2, 2025. Ex. A.

2. Pursuant to 28 U.S.C. § 1446(b), a notice of removal shall be filed within 30 days after the defendant is served.

3. Removal is timely under 28 U.S.C. § 1446(b).

4. This Court has original subject matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

5. This Court further has jurisdiction of civil actions including both a claim arising under the Constitution, laws, or treaties of the United States, and a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute. 28 U.S.C. § 1441(c).

6. Plaintiff brings two counts in her complaint: (1) First Amendment claims pursuant to 42 U.S.C. § 1983; and (2) retaliation claim pursuant to the Illinois Whistleblower Protection Act.

7. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1441(c).

8. This action is properly removed to this Court because the Circuit Court of De Witt County, Illinois is located in the Central District of Illinois. *See* 28 U.S.C. §§ 93(a), 1446(a).

9. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and documents serviced upon or by Defendants in the State Court Action are attached hereto as follows:

   a. Exhibit A: Docket from the State Court Action;

   b. Exhibit B: Complaint from the State Court Action.

To the Defendants' knowledge, no other documents or pleadings were filed in the State Court Action.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff. A copy of this Notice of Removal is also being filed in the State Court Action.

11. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants consent to this removal and have signed this Notice of Removal indicating their consent.

WHEREFORE, Defendants Clinton Community Unit School District No. 15, Jessica Patrick, and Curt Nettles respectfully remove this action from the De Witt County Circuit Court to this Court.

        Respectfully submitted,

        **CLINTON COMMUNITY UNIT SCHOOL DISTRICT NO. 15, JESSICA PATRICK, AND CURT NETTLES**

By: *s/Julie A. Bruch*
Julie A. Bruch, #6215813
Hasti Anderson, #6310969
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax:    708/621-5538
Email: jbruch@ifmklaw.com
       handerson@ifmklaw.com

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| SHELLY FOLLOWELL ) | |
| ) | Case No.: 2025-CV-3122 |
| Plaintiff, ) | |
| ) | DeWitt County Case No.: 2025-LA-3 |
| v. ) | |
| ) | |
| CLINTON COMMUNITY UNIT ) | |
| SCHOOL DISTRICT NO. 15; ) | |
| JESSICA PATRICK (*individual capacity*); ) | |
| & CURT NETTLES (*individual capacity*), ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2025, I caused to be electronically filed *Defendants' Notice of Removal of Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

**HKM EMPLOYMENT ATTORNEYS LLP**
S. Cody Reinberg
creinberg@hkm.com


By: *s/Julie A. Bruch*
Julie A. Bruch, #6215813
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax:    708/621-5538
Email: jbruch@ifmklaw.com

4

FILED
DeWitt County, Illinois
5/2/2025 9:03 AM
Michelle Van Valey
Clerk of the Circuit Court

IN THE STATE OF ILLINOIS
CIRCUIT COURT OF
DE WITT COUNTY, ILLINOIS

| | |
|---|---|
| **SHELLY FOLLOWELL** )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>**CLINTON COMMUNITY UNIT SCHOOL** )<br>**DISTRICT NO. 15;** )<br>**JESSICA PATRICK (*individual capacity*), &** )<br>**CURT NETTLES (*individual capacity*)** )<br>)<br>Defendants. ) | Case No. **2025LA3**<br><br>JURY TRIAL REQUESTED |

*HOLD SERVICE/SUMMONS*
*(Defendants' counsel to accept)*

## **COMPLAINT**

1. This action is authorized and instituted by Plaintiff Shelly Followell in this Court of general jurisdiction.

2. Plaintiff was at all relevant times was a resident of Illinois.

3. Defendant Clinton Community Unit School District No. 15 (the "School District") is Plaintiff's former employer located in DeWitt County, Illinois.

4. Defendant Jessica Patrick, at all pertinent times, was one of the School District's elementary school's principals and a supervisor of Plaintiff, acting under color of state law.

5. Defendant Curt Nettles, at all pertinent times, was the School District's superintendent and acting under color of state law under 42 U.S.C. § 1983.

6. Defendants Patrick and Nettles have final policymaking authority.

1

7. Plaintiff, at all pertinent times, was an employee under the Illinois Whistleblower Act, and each Defendant named herein were, at all pertinent times, Employers under the Act.

8. This Court has jurisdiction over the claims at issue and the parties in this matter.

9. The actions giving rise to this lawsuit occurred in De Witt County, Illinois, and venue in this Court is appropriate.

10. The School District was a person acting under the color of state law under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

11. Plaintiff began working at the School District in 2020 a first grade paraprofessional.

12. Plaintiff held this position until she was unlawfully terminated.

13. Notice of her unlawful termination was provided to Plaintiff on May 28, 2024, with an effective termination date of June 25, 2024.

14. Throughout the 2023-2024 school year, Plaintiff made several reports to her coworkers, School District staff members, and School District administrators of her good faith belief that the School District was engaging in, or attempting to engage in, Medicaid billing fraud.

15. Indeed, throughout that year, Defendants routinely pressured Plaintiff to fraudulently bill Medicaid by billing Medicaid for unused minutes with students.

16. At one point, on or around February 13, 2024, Plaintiff met with several School District employees, including Defendant Patrick.

17. At that meeting, Defendant Patrick threatened Plaintiff with termination if Plaintiff did not bill Medicaid 20 minutes daily – regardless if the minutes were provided to a student or not.

18. As before, Plaintiff refused to engage in this unlawful practice and insisted she would only submit billing to Medicaid for actual minutes provided to a qualifying student.

19. On February 15, 2024, Defendants sent Plaintiff a letter threatening her with dismissal if she did not adhere to their unlawful requests.

20. Plaintiff remained steadfast and would not engage in the fraudulently billing.

21. On or around April 6, 2024, Plaintiff was called into another meeting. This time with Defendant Nettles, Kari Veldman, and Defendant Patrick.

22. Ms. Veldman insisted that Plaintiff should bill Medicaid for minutes even if Plaintiff just sits by a qualifying child. Plaintiff refused because it was unlawful.

23. Defendant Nettles then demanded that Plaintiff bill the 20 minutes because the school gets money for this. Nettles continued by saying "if you won't… we will have to sever our relationship and part ways."

24. The meeting ended, and Defendant Nettles walked Plaintiff to her classroom and said that he hoped this could be fixed.

25. The last day of school was May 24; Plaintiff had not heard anything about the billing since the April 6 meeting, and she presumed Defendants had relented, and come to their senses, because Plaintiff refused to commit fraud.

26. Plaintiff, however, was wrong.

27. Indeed, Defendants made good on their threats and terminated Plaintiff's employment because of her reports pertaining to Medicaid fraud and her explicit refusal to engage in it.

### COUNT I
### Unlawful Deprivation of Federally Protected Rights and Conspiracy to Unlawfully Deprive of Federally Protected Rights – First Amendment, Section 1983
### (against All Defendants)

28. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

29. Defendants are all a "person" as used under Section 1983.

30. Defendants Patrick and Nettles, each had final policymaking authority.

31. The actions of Defendants were taken while acting under color of state law.

32. Defendants' actions were afforded to each by virtue of state law and made possible only because Defendants were clothed with the authority of state law.

33. Defendants abused the power given to each by the state.

34. Plaintiff engaged in activity protected by the First Amendment when she, *inter alia*, reported continually expressed and reported her concerns relating to Medicaid fraud and refused to engage in Medicaid fraud.

35. Plaintiff's speech was a matter of public concern; indeed, Plaintiff reported her concerns and refused to defraud the government because she, *inter alia*, she wanted to protect the public at large and Medicaid.

36. Plaintiff's speech was further intended to, *inter alia*, deter Defendants from engaging in Medicaid fraud.

37. Plaintiff was retaliated against for engaging in protected speech.

38. Plaintiff's termination by Defendants was motivated by Plaintiff's protected speech, including her refusals to engage in Medicaid fraud.

39. Defendants acted in concert with one another to effectuate the unlawful retaliation herein.

40. In so acting, Defendants engaged in a conspiracy to retaliate against Plaintiff for engaging in protected conduct.

41. Defendants coordinated, and expressly agreed, to terminate Plaintiff.

42. There was an actual deprivation of Plaintiff's rights as a result of Defendants' agreement to terminate Plaintiff.

43. The adverse actions taken by Defendants against Plaintiff would deter a person of ordinary firmness from continuing to engage in the protected speech.

44. Defendant's actions were willful, intentional, and/or done maliciously or with callous disregard or reckless indifference to Plaintiff's federally protected rights.

45. Exemplary/punitive damages are warranted to prevent similar unlawful conduct by Defendants.

46. Plaintiff was damaged by Defendants' conduct

### COUNT II
### Retaliation in Violation of the Illinois Whistleblower Protection Act
*(against Both Defendants)*

47. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

48. Defendants are each an "employer" as that term is defined in 740 ILCS 174/5.

49. The Whistleblower Act prohibits, among other things, any employer from taking any retaliatory action against employees based on their disclosure of information to a government or law enforcement agency that they have reasonable cause to believe discloses a violation of a State or federal law, rule, or regulation.

50. Plaintiff engaged in protected activity under the Whistleblower Act when she reported – to her coworkers, School District staff, School District administrators, and Defendants Patrick and Nettles – the School District engaging in Medicaid billing fraud.

51. The Whistleblower Act prohibits, among other things, any employer from taking retaliatory action against an "an employee for refusing to participate in an activity that the employee has a good faith belief that such participation would result in a violation of a State or federal law, rule, or regulation…."

52. Defendants took retaliatory action against Plaintiff in violation of the Whistleblower Act via termination for her reports of Medicaid fraud and refusal to engage in the practice.

53. Plaintiff's reasonably believed billing minutes as instructed by Defendants was in violation of Medicaid regulations and was fraud.

54. Plaintiff's protected activity was a contributing and/or motivating factor in her termination.

55. Defendants' actions were willful, intentional and/or done maliciously or with callous disregard or reckless indifference to Plaintiff's protected rights. Exemplary damages are warranted to prevent similar unlawful conduct by Defendants.

56.

## RELIEF SOUGHT – ALL COUNTS

**I.  Cease Unlawful Retaliation**

Plaintiff respectfully requests that the Court enter an order declaring Defendants violated the First Amendment and Illinois Whistleblower Protection Act:

    a) Conduct training for all managers regarding retaliation and review Defendant's policy regarding retaliation;

    b) Forbid future violations the First Amendment and Illinois Whistleblower Protection Act and other laws prohibiting retaliation in the workplace;

    c) Adopt policies aimed at preventing and remedying any future violations that may occur, including an effective reporting procedure and effective investigation procedures that prevent retaliation; and,

    d) Notify employees of the violation(s) and the remedy imposed by this Court.

**II.  Other Relief as the Court Deems Just and Equitable**

Plaintiff also respectfully requests that the Court order other monetary (consistent with the strictures of the Eleventh Amendment) and/or equitable relief, including, but not limited to:

a) Enjoining Defendants from further unlawful conduct;

b) Lost past and future wages (including benefits and interest), compensatory damages, and punitive damages in addition to any available statutory relief;

c) Other monetary expenses incurred by Plaintiff as a result of Defendants' conduct;

d) Attorneys' fees and costs (including any expert witness's fees); and

e) All other and relief that the Court may deem equitable, just or appropriate that is available under applicable law.

## JURY DEMAND

Plaintiff demands a trial by jury of all issued raised in this Complaint.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ S. Cody Reinberg*
S. Cody Reinberg, MO 66174/IL 6315681
7382 Pershing Ave., 1W
St. Louis, MO 63130
314-391-9557 p/f
creinberg@hkm.com

Attorneys for Plaintiff
Shelly Followell

Dated: 5.2.2025

- 7 -